**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RAM SING,<br><br>         Plaintiff,<br><br> v.<br><br>MINERAL COUNTY,<br><br>         Defendant. | 3:18-cv-00406-MMD-CBC<br><br>**<u>SCREENING ORDER</u>** |

  Before the Court is Plaintiff Ram Sing's ("Sing"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1). For the reasons stated below, the Court grants Sing's *in forma pauperis* application, but dismisses the complaint without prejudice, with leave to amend, for failure to state a claim.

**I. *IN FORMA PAUPERIS* APPLICATION**

  A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

  The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

  "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to

enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Sing cannot pay the filing fee; therefore, the Court grants the application.

## II. SCREENING STANDARD

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915. Specifically, federal courts are given the authority to dismiss a case if the action "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint. *See Hamilton v. Brown*, 630 F.3d 889, 892-93 (9th Cir. 2011). When the Court reviews a complaint under this standard, it accepts as true all the plaintiff's allegations and construes the complaint in the light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The Court takes particular care when reviewing the pleadings of a *pro se* party. In this instance, a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). This Court is to "construe *pro se* filings liberally . . . and to 'afford the petitioner the benefit of any doubt.'" *Id.*

Although the standard is broad, it is not limitless. Despite the leniency afforded to *pro se* plaintiffs, the Court need not accept as true conclusory allegations, unwarranted deductions, or unreasonable inferences. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). Further, the complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Stated differently, the complaint must allege sufficient facts to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 555).

### III. SCREENING OF COMPLAINT

In his complaint, Sing sues Defendant Mineral County of the State of Nevada and "all its employees," and alleges the following: In 2014, Sing had a multi-million-dollar business located at 4051 Highway 95 S., Schurz, Nevada (the "Subject Property"). (ECF No. 1-1 at 1). The Subject Property is within the boundary of the Walker River Indian Reservation and is therefore a part of Indian Country. (*Id.*) State officials have no power in Indian County. (*Id.*) On or about September 2, 2014, Defendants illegally raided the subject property and seized personal property. (*Id.*) The seizure constituted grand theft, robbery, conspiracy, abuse of power, and other serious crimes. (*Id.*) Due to the acts of the Defendants, Sing is unable to do any business. (Id.) Defendants' actions caused damages of more than $500,000,000. (*Id.*) Sing brings this suit for damages and for "deprivation of property rights under the United States codes." (*Id.* at 2). Sing also seeks a declaration that "the State Laws do not apply at the subject property." (*Id.*)

The only named defendant in Sing's lawsuit is Mineral County. (*See* ECF No. 1-1 at 1). A municipality may be found liable under 42 U.S.C. § 1983 only where the municipality itself causes the violation at issue. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)). As explained by the Ninth Circuit, a litigant may recover from a municipality under § 1983 on one of three theories of municipal liability. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010). "First, a local government may be held liable 'when implementation of its official policies or established customs inflicts the constitutional injury." *Id.* (quoting *Monell*, 436 U.S. at 708 (Powell, J. concurring)). "Second, under certain circumstances, a local government may be held liable under § 1983 for acts of omission, when such omissions amount to the local government's own official policy." *Id.* "Third, a local government may

be held liable under § 1983 when 'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Id.* at 1250 (quoting *Gillette v. Delmore*, 979 F.2d 1342 1346-47 (9th Cir. 1992)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *See Connick v. Thompson*, 563 U.S. 51, 61 (2011). Municipalities are not vicariously liable under § 1983 for their employees' actions. *Id.* at 60.

At this time, Sing fails to state a colorable claim against Mineral County. Sing cannot hold Mineral County liable solely on a *respondeat superior* theory. *Monell*, 436 U.S. at 691. Sing may bring a constitutional claim against individual officers acting under color of law. *Id.* at 692. Sing may also bring constitutional claims against Mineral County if he can allege facts showing that his harm was the result of an official municipal policy of Mineral County. Accordingly, the Court gives Sing leave to amend his complaint against Mineral County for violations of his civil rights. Upon amendment, Sing must allege specific facts that would make his claim plausible.

**IV.    CONCLUSION**

For the reasons articulated above, **IT IS ORDERED** that Sing's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk **FILE** Sing's complaint (ECF No. 1-1);

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-1) is **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**;

**IT IS FURTHER ORDERED** that, if Sing chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Sing shall file the amended complaint within 30 days from the date of entry of this order; and

//

//

**IT IS FURTHER ORDERED** that, if Sing fails to timely file an amended complaint that addresses the deficiencies noted in this Order, it may result in a recommendation for dismissal with prejudice of the complaint.

**IT IS SO ORDERED.**

**DATED:** August 14, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**